UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin Medina TAPIA,
Defendant–Appellant.

No. 79–5642.

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1980.

L. Aron Pena, Edinburg, Tex., for defendant–appellant.

James Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff–appellee.

**1208**

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

GARZA, Circuit Judge:

We write for the first time on the application of the Court Interpreters Act of 1978, 28 U.S.C. § 1827,[1] when a criminal defendant speaks only or primarily a language other than the English language. We hope to give some guidance to the Courts below on how to comply with the statute.

Appellant, Martin Medina Tapia, was convicted by a jury of one count of conspiring with others, from on or about June 22, 1979, to on or about June 24, 1979, to move within the United States by means of a motor vehicle certain aliens, knowing that said aliens were in the United States in violation of law and knowing and having reason to believe that their last entry into the United States occurred less than three years prior to the aforesaid date, in violation of Section 371, Title 18, and Section 1324(a)(2), Title 8, United States Code; and ten substantive counts of actually transporting aliens in violation of Section 1324(a)(2), Title 8, United States Code. He was one of four co–defendants named in all eleven counts of the indictment.

The defendant complains that the trial court below erred in refusing to conduct an evidentiary hearing on his allegation in a motion for new trial that a key government witness, a co–conspirator, gave perjured testimony; that the evidence presented was insufficient as a matter of law to support the verdict of guilty, and that the trial court denied him equal protection of the law and committed reversible error in sentencing Appellant to maximum terms when another defendant, characterized as the principal defendant by the Appellant, was assessed a lesser sentence. We find all of these allegations of error to be without merit.

The testimony was more than ample to show that Tapia was involved in alien smuggling as alleged in the indictment. His supposedly newly–discovered evidence went only to the credibility of one of the prosecution's witnesses, and there was no showing that it could not have been obtained in time for the trial with due diligence. The sentence imposed by the Court below was within statutory limits and not subject to review.

The last of his arguments on appeal is that the trial Court erred in failing to provide an interpreter for him during trial. Since the record before us is not clear as to whether or not an interpreter was provided,

---

1. The pertinent parts of 28 U.S.C. § 1827 that we are concerned with read as follows:

(d) The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise competent interpreter, in any criminal or civil action initiated by the United States in a United States district court (including a petition for a writ of habeas corpus initiated in the name of the United States by a relator), if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such action—

(1) speaks only or primarily a language other than the English language; or

(2) suffers from a hearing impairment (whether or not suffering also from a speech impairment)

so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

(f)(1) Any individual other than a witness who is entitled to interpretation under subsection (d) of this section may waive such interpretation in whole or in part. Such a waiver shall be effective only if approved by the presiding judicial officer and made expressly by such individual on the record after opportunity to consult with counsel and after the presiding judicial officer has explained to such individual, utilizing the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise competent interpreter, the nature and effect of the waiver.

whether or not a failure to provide one inhibited him from comprehension of the proceedings or communication with his counsel, we must remand the case for proper findings to comply with the dictates of the Court Interpreters Act of 1978.

It is undisputed from the record and admission of counsel during argument that defendant Tapia was represented by court–appointed counsel Fred Galindo, whom it is conceded is completely bi–lingual in English and Spanish. It is also undisputed that defendant Tapia was arraigned by the Magistrate through the use of an interpreter. It is likewise undisputed that an official Court interpreter was available at all times. It is likewise undisputed that counsel Galindo never made a motion to have the interpreter sit with the defendant during the course of the proceedings. It is also undisputed that defendant Tapia had lived in the United Sates for over eighteen years, amounting to almost one–half of his life, working in California, Oregon and Texas. Defendant Tapia testified in his own behalf through the use of an interpreter at his trial.

The contention of the defendant is that the failure to provide him an interpreter to interpret for him the testimony of one of the principal witnesses for the government, a co–conspirator named Felicitas Campbell, and the officers who testified, all of whom gave their testimony in English, kept him from effectively assisting his counsel by not being able to tell him when the testimony of those who testified in English was in error.

The government urges on this Court the proposition that the use of an interpreter is discretionary with the trial Court and that there is no constitutional right as such to a Court–appointed interpreter to supplement the right to counsel. Our Court, in *Suarez v. United States*, 309 F.2d 709 (5th Cir. 1962), has held that the appointment of an interpreter is discretionary with the Court. The Seventh Circuit has also so held in *United States v. Sosa*, 379 F.2d 525 (1967), *cert. denied*, 389 U.S. 845, 88 S.Ct. 94, 19 L.Ed.2d 111. The government further urges that the necessity for such an interpreter is a question of fact.

With all of these contentions, we do not disagree, except that the Court Interpreters Act of 1978 makes it incumbent upon a trial Court to make certain findings on the record, which are lacking in this case.

■ We believe that in this case when the defendant Tapia was arraigned through an interpreter, the Court below, on its own motion, should have inquired whether the failure to have an interpreter with him throughout the proceedings inhibited Tapia's comprehension of the proceedings and communications with his counsel. This the Court, however, did not do.

■ If the Court below had made a finding that failure to provide him an interpreter continuously during the trial would so inhibit him, he should have proceeded with the requirements of Section (f)(1) of the Act, because, a waiver of an interpreter is not a decision for his counsel or the Court to make. It is the defendant's decision, after the Court explains to him the nature and effect of a waiver.

In many cases, counsel does not desire to have an interpreter sitting next to his client and may ask that one not be provided. In that case, the judicial officer presiding should comply with the requirements of 28 U.S.C. § 1827(f)(1), before any waiver can be effective.

Any indication to the presiding judicial officer that a criminal defendant speaks only or primarily a language other than the English language should trigger the application of Sections (d) and (f)(1) of the Court Interpreters Act. If it appears from the record that a criminal defendant speaks only or primarily a language other than English, and it also appears from the record that an interpreter was at his side continuously interpreting the proceedings, this would satisfy the mandate of the Court Interpreters Act of 1978.

■ On remand, the Court below should determine whether the official Court interpreter, that everyone admits was available, sat next to the defendant during the trial, as apparently was the custom in the Court below, and such finding, if made by the Court, would end the inquiry, and the con-

viction of defendant Tapia would stand. If the Court should find that an interpreter was not sitting at his side interpreting the proceedings to him, then the Court should inquire whether such failure inhibited Tapia's comprehension of the proceedings, or whether such failure prevented him from assisting his counsel in cross–examination of witnesses that he claims did not testify to the truth. It might be that although his primary language is Spanish, his understanding of the English language is such that he was not inhibited from comprehending the proceedings and the presentation of the testimony of the witnesses against him.

The basic inquiry on whether or not the failure to provide an interpreter was error still must be whether such failure made the trial fundamentally unfair.

If the Court below determines, after a hearing, that defendant Tapia was inhibited from such comprehension of the proceedings or the testimony given against him in English to such an extent as to have made the trial fundamentally unfair, he should grant him a new trial.

REMANDED WITH INSTRUCTIONS.