**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnulfo Torres PEREZ,**
**Defendant–Appellant.**

**No. 89–8049**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1990.

489

Richard South, Austin, Tex. (Court-appointed), for Arnulfo Perez.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., San Antonio, Tex., for U.S.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Arnulfo Torres Perez appeals his convictions for conspiracy to manufacture and distribute methamphetamine and for the distribution of methamphetamine, contending that the trial court erred by not providing a Spanish-language interpreter at his plea hearing. Finding no error, we affirm.

### Background

Perez and his half-brother, Martin Geraldo Perez, negotiated with an undercover Drug Enforcement Administration agent for the purchase of the precursor chemicals and glassware needed for the production of a 100–pound batch of methamphetamine. In their initial conversation Perez gave the agent a 3.89–gram sample of methamphetamine. Later that same day the Perez brothers met the agent to consummate the sale. Arnulfo Perez gave the agent $19,-960 in cash, with a promise of an additional $5,000 that day, and delivered 224 grams of methamphetamine. As the brothers loaded the chemicals and glassware they were arrested.

At his initial appearance before the magistrate Perez indicated that he had some difficulty with the English language. The magistrate pointedly inquired whether Perez understood the proceedings. Perez responded: "I understand everything so far." The magistrate then advised Perez that "if

you have any difficulty in understanding what's going on, stop and let us know so that we can do something because we can get a translator to assist you." Perez made no protestation of difficulty or request for assistance by a translator.

At the detention hearing a week later, the magistrate again ascertained that Perez had an adequate mastery of English. The testimony reflected that although a Mexican citizen, Perez had lawfully resided in the United States for 19 years. A translator was present to assist some witnesses. Perez made no request for the assistance of that translator.

Perez was charged with one count of conspiracy to manufacture and distribute methamphetamine, and two counts of distributing methamphetamine. No translator was present at his plea hearing and the trial judge made no inquiry into Perez's competency in English.

Perez pleaded guilty to all three counts. He was later sentenced to 240 months confinement on each count, to be served concurrently, five years concurrent supervised release, and a $150 special assessment. An official court interpreter translated for Perez at the sentencing hearing. Perez timely appealed.

### Analysis

On appeal Perez maintains that the district court erred in failing to provide, or inquire into the necessity of providing, an interpreter during his plea hearing. As a consequence he maintains that his guilty plea was not free and voluntary. Federal Rule of Criminal Procedure 11(d). We are not persuaded.

■ The likelihood of imprisonment following a guilty-plea conviction "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280 (1969). The record on appeal must reflect that a defendant was apprised fully of his constitutional rights, and specially instructed on the rights and

privileges which he waived by entering the guilty plea. Fed.R.Crim.P. 11(c), (d). An adequate understanding of the English language is a threshold requirement for a voluntary plea. In recognition of this, Congress has provided for certified translators for judicial proceedings involving those not proficient in English. Court Interpreters Act of 1978, 92 Stat. 2040 (codified at 28 U.S.C. § 1827).

■ The Court Interpreters Act comes into play whenever a presiding judicial officer finds that a defendant's ability to comprehend the proceedings or communicate with counsel is "inhibited" by language or hearing problems. 28 U.S.C. § 1827(d). In the instant case the magistrate inquired into Perez's English language abilities and advised him that a translator would be available should he encounter any difficulties comprehending the proceedings. The magistrate's inquiry and Perez's response sufficiently reflect that Perez was capable of understanding the judicial proceedings and was aware that a translator was available to him if needed. The district court was not required to repeat the inquiries regarding Perez's competency in English absent a request for assistance from Perez or some indication that he failed to understand the questions asked in the process of the Rule 11 allocution. We find no such request or indication in the record.

Perez invites our attention to *United States v. Tapia,* 631 F.2d 1207 (5th Cir. 1980), where we reversed a conviction because the court failed to make a finding regarding the defendant's competence in English. There, however, the defendant had used an interpreter at pretrial proceedings but he was not afforded an opportunity to accept or waive that assistance at trial. We held that the need for translation of the pretrial proceeding put the district court on notice of the need to make inquiry regarding the defendant's language competency. In the case before us the reverse is true. Perez twice assured the magistrate that he understood the proceedings and did not require an interpreter. The district

judge was not put on notice to the contrary either directly or indirectly.

■ Perez nonetheless contends that the trial court improperly denied him the right to waive the services of an interpreter. The waiver privilege is, of course, personal to the defendant, but it only factors into the proceeding upon a judicial finding that either the defendant's comprehension of the proceedings, or his communications with counsel or the court, is inhibited by language or hearing difficulties. 28 U.S.C. §§ 1827(d)(1), (f)(1). Here, no such finding was made; Perez had no right to an interpreter to waive.

■ Perez finally contends that his trial counsel's failure to ask the court to make such a finding constituted ineffective assistance of counsel. That issue was not raised before the trial court; we will not consider it. *United States v. Higdon*, 832 F.2d 312 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988).

AFFIRMED.