IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 91-4987
Summary Calendar
S))))))))))))))Q

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANA YUBY PAYAN PAZ,

Defendant-Appellant.

S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Eastern District of Texas
S))))))))))))))))))))))))Q

(December 29, 1992)

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Ana Yuby Payan Paz (Paz) was convicted, on her plea of guilty, of conspiring to possess with intent to distribute cocaine contrary to 21 U.S.C. §§ 841(a)(1), 846. Paz now brings this appeal alleging that her plea was involuntary because the district court did not provide a certified interpreter during her plea hearing and that the district court did not inquire into the interpreter's qualifications or Paz's ability to understand English. As Paz has shown no reversible error, we affirm.

## Facts and Proceedings Below

Paz, along with several other individuals, was arrested on November 2, 1990, in Port Arthur, Texas, based on a criminal complaint alleging a conspiracy to distribute 500 grams or more of a mixture of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. On May 15, 1991, Paz was charged in two counts of a seven-count second superseding indictment. She was charged in count one with conspiracy to distribute five kilograms or more of a mixture of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846; and in count five with use of a communication facility to facilitate a drug crime in violation of 18 U.S.C. § 843(b).

On August 20, 1991, Paz's plea of guilty to count one of the second superseding indictment was accepted by the district court, the plea being pursuant to a plea agreement under which, *inter alia*, the government would dismiss count five. She was subsequently sentenced to 151 months of imprisonment to be followed by 5 years of supervised release.

Paz had retained counsel since her arrest, at least since November 13, 1990, and during the plea hearing a court interpreter, Nellie Isuani (Isuani), was provided for Paz and a co-defendant, Daisy Candelo Estancia Fields (Fields), in order to translate Spanish into English. Although the record does not affirmatively so reflect, Paz now contends, and the government does not dispute, that Isuani was not a certified court interpreter as defined by the

2

Court Interpreters Act, 28 U.S.C. § 1827 *et seq*. No objection was made during any of the proceedings below concerning the court interpreter.

## Discussion

Paz now appeals, contending that the district court erred in failing to provide a certified court interpreter and in failing to inquire into the interpreter's qualifications or whether Paz understood English. Paz maintains that as a result of these errors she lacked the comprehension necessary to make her guilty plea freely and voluntarily. Fed. R. Crim. Proc. 11(d).

Paz argues that the district court erred by not providing her with a certified court interpreter during her plea hearing as assertedly required under section 1827. Congress enacted that statute to ensure that a defendant has comprehension of the proceedings and can effectively communicate with counsel. *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980). The certification process serves as a safeguard to guarantee that the court interpreter is competent. However, the court may select an otherwise qualified interpreter if no certified interpreter is reasonably available.[1]

---

[1] The pertinent provisions of section 1827 read:

"(d)(1) The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter, in

Paz claims that she needed a Spanish interpreter and, since her proceedings were conducted in a Texas federal judicial district, a certified Spanish interpreter must have been reasonably available. Concerning this claim, we note that a district court is given wide discretion in matters regarding the selection of a court interpreter. *Tapia*, 631 F.2d at 1209. Such decisions will not be overturned unless the district court abused its discretion. *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir. 1980); *Tapia*, 631 F.2d at 1209. In the case *sub judice*, Paz did not give the district court the opportunity to demonstrate that (or determine whether) a certified Spanish interpreter was not reasonably available because Paz failed to object to the interpreter provided. Therefore, we cannot say that the record reflects that the district court abused its discretion by choosing an otherwise qualified, although uncertified, interpreter.

Paz also claims that the district court erred by not determining whether the uncertified interpreter was competent or that Paz was sufficiently versed in the English language. This error supposedly resulted in Paz's lack of comprehension. Since

judicial proceedings instituted by the United States . . . if the presiding judicial officer determines . . . that such party (including a defendant in a criminal case), . . .

    (A) speaks only or primarily a language other than the English language . . .

       . . .

so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, . . . ." 28 U.S.C. § 1827.

4

Paz failed to object in the court below, her alleged error is reviewed under the plain error standard of Fed. R. Crim. P. 52(b). *United States v. Lopez*, 923 F.2d 47, 49 (5th Cir. 1991). The *Lopez* court held, "'Plain error' is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 50. A review of the record of the entire case does not indicate such "obvious and substantial" error.

Neither Paz nor her attorney ever indicated below that the interpreter was inadequate.[2] Also, nothing in the record reflects, and Paz never asserted below, that she could not understand the proceedings; and throughout the proceedings the court's inquiries to Paz were fully answered by her without any indication that she was experiencing any difficulty comprehending the court. When the trial court asked if Paz could "understand the proceedings today," her attorney responded that she could. Paz stated that she was satisfied with her attorney and acknowledged that she had read the plea agreement with her counsel, that she understood it, and that she voluntarily agreed to it. Her attorney also acknowledged that Paz's decision to enter into the plea agreement was "an informed and voluntary one." Finally, when asked by the trial court at the

---

[2] Paz's failure to object at trial is a factor that weighs heavily against her claim of inadequate comprehension. *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990). Otherwise, "To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse." *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989).

close of the proceedings if there was anything further, Paz's attorney replied that there was not. The record simply does not indicate that the interpreter was inadequate or that Paz lacked comprehension.[3]

Furthermore, the district court did not err in failing to ascertain whether Paz could comprehend the English language. In the *Perez* case, the defendant indicated to the district court that he had some difficulty in understanding the English language. However, the defendant "twice assured the magistrate that he understood the proceedings and did not require an interpreter." *Perez*, 918 F.2d at 490. Therefore, because the district court "was not put on notice to the contrary either directly or indirectly," it did not need to make a finding that the defendant's comprehension was inhibited by language difficulties. *Id.* at 491. In the case *sub judice*, the district court asked Paz's counsel if Paz understood the proceedings and asked Paz if she understood her plea agreement. Both answered in the affirmative. In these circumstances, the district court was not required to *sua sponte* also make a separate, express finding that Paz understood the English language.

---

[3] In fact, there is ample evidence that Paz did not need an interpreter. The Presentence Report (PSR) does not indicate that she could not understand English. The PSR states that she came to the United States "to learn a second language in order to increase her market ability as a commercial secretary," and that she had been living in the United States for several years. The PSR also indicates that she was in the process of earning her GED while incarcerated. Prior to her arrest, Paz worked for three years as a *receptionist* at Nelson's Body Shop in Houston. These facts tend to indicate that at a minimum Paz had a working knowledge of the English language.

## Conclusion

Paz has failed to show that her plea was involuntary due to her asserted lack of comprehension of the English language. Accordingly her conviction is

AFFIRMED.