42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Ronaldo RIVERA-JUAREZ, Defendant-Appellant.
 No. 93-4288.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 
 2
 Roberto Ronaldo Rivera-Juarez appeals his judgment of conviction entered on his plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Rivera-Juarez to 87 months of imprisonment, a five year term of supervised release, and imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his timely appeal, Rivera-Juarez's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Rivera-Juarez has not responded to counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that as Rivera-Juarez did not enter into a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), his guilty plea waives his right to pursue his claims of illegal arrest and searches. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973). Moreover, the district court properly accepted Rivera-Juarez's guilty plea as the record reflects that he understood the rights he was waiving, the potential penalties associated with his crime, and he acknowledged his guilt to the crimes. See Brady v. United States, 397 U.S. 742, 749 (1970); see also North Carolina v. Alford, 400 U.S. 25, 31 (1970). Rivera-Juarez's claim that he received ineffective assistance of counsel is not cognizable on direct appeal and is more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 5
 The district court properly sentenced Rivera-Juarez to a term of imprisonment that was within the applicable guideline range.
 
 
 6
 Lastly, we conclude that, to the extent that the district court may have used an interpreter at Rivera-Juarez's guilty plea and sentencing hearings who was not certified, the district court did not abuse its discretion in doing so as Rivera-Juarez did not object to the use of this interpreter. See United States v. Paz, 981 F.2d 199, 200 (5th Cir.1992), cert. denied, 113 S.Ct. 2378 (1993). We have carefully examined the record in this case, including the transcripts of Rivera-Juarez's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation