48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge SALDIVAR, aka Pablo Serna Garza, Jr., Defendant-Appellant.
 No. 94-3293.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Jorge Saldivar appeals his judgment of conviction and sentence entered on his plea of guilty to interstate travel to promote unlawful activity in violation of 18 U.S.C. Sec. 1852. The district court sentenced Saldivar to 51 months of imprisonment, two years of supervised release and imposed a $300 fine and a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On appeal, Saldivar's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Saldivar has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we affirm Saldivar's conviction and sentence. Saldivar entered a valid guilty plea with a full understanding of his alternatives and rights that he was waiving. See Brady v. United States, 397 U.S. 742, 749 (1970); see also North Carolina v. Alford, 400 U.S. 25, 31 (1970). In addition, the sentencing transcript and the judgment of conviction establish that Saldivar's correct sentence is 51 months of imprisonment. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir.1991), cert. denied, 112 S.Ct. 1703 (1992); United States v. Martin, 913 F.2d 1172, 1175 (6th Cir.1990); United States v. Schultz, 855 F.2d 1217, 1225 (6th Cir.1988).
 
 
 5
 To the extent that the district court may have used an interpreter at Saldivar's guilty plea and sentencing hearings who was not certified, the district court did not abuse its discretion in doing so as Saldivar did not object to the use of this interpreter. See United States v. Paz, 981 F.2d 199, 200 (5th Cir.1992), cert. denied, 113 S.Ct. 2378 (1993). We have carefully examined the record in this case, including the transcripts of Saldivar's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation