HENRY, Circuit Judge,
concurring.
I join in this opinion because I am persuaded that this circumstance — the number of unintelligible portions of the transcript, the judge’s repeated efforts to clarify the testimony offered by the defendant, and particularly the prosecutor’s explicit concern[1] that “maybe we ought to have a Spanish interpreter,” V.I.R. 408 — was sufficient to invoke the Court Interpreters Act. Although I am not sure that United States v. Tapia is correct that “[a]ny indication ... that a criminal defendant speaks ... primarily a language other than English” is the proper standard, 631 F.2d 1207, 1209 (5th Cir.1980) (emphasis added), I believe that these indications were enough to “place on the trial court a mandatory duty to inquire as to the need for an interpreter....” Valladares v. United States, 871 F.2d 1564, 1565 (11th Cir.1989).
Here, the district judge (who was obviously concerned about these matters) may have implicitly determined that Mr. Osuna did not require the services of an interpreter, but I am unable to determine whether he made such a finding from the record before us. Accordingly, I concur with the decision to remand to the district court to consider the question and make findings explicitly on the record.

. I appreciate the prosecutor's candor at trial and oral argument. Such professional advocacy is commendable.