**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIX RENDON OSUNA,

Defendant-Appellant.

No. 00-5132
(D.C. No. 97-CR-110-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Felix Rendon Osuna was convicted following a jury trial of

possession of a machine gun in violation of 18 U.S.C. § 922(o) and possession

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of an unregistered firearm or destructive device in violation of 26 U.S.C. §§ 5845 and 5861(d). He appealed his conviction. This court remanded his case for resentencing with respect to the number of destructive devices possessed by Mr. Osuna, and for the district court to make findings as to whether the lack of an interpreter under the Court Interpreters Act, 28 U.S.C. § 1827(d)(1), "inhibited communication by Osuna with the court and jury, or inhibited Osuna's comprehension of the proceedings and assistance to his counsel to such an extent as to have made the trial fundamentally unfair." *United States v. Osuna*, 189 F.3d 1289, 1293 (10th Cir. 1999) (quotation omitted).

## I.

Under the Court Interpreters Act, a criminal defendant who relies principally on a language other than English has a statutory right to a court-appointed interpreter when his comprehension of the proceedings or ability to communicate with his counsel would otherwise be impaired. *Id*. at 1291. Mr. Osuna, a naturalized citizen, was born in Mexico, but has lived in the United States since 1975. Mr. Osuna speaks English, spoke English with his lawyer and during court proceedings, and never requested an interpreter. During the trial proceedings, however, the court reporter had difficulty understanding many of Mr. Osuna's answers, noting some fourteen times in the record that his answers were "unintelligible." *Id*. at 1293, n.3. The trial judge also commented that

Mr. Osuna was answering many questions very rapidly and was not always answering the questions asked, causing confusion. At one point during the trial, the prosecution mentioned to the trial judge that "maybe we ought to have a Spanish interpreter." R. Vol. IV, at 408. However, Mr. Osuna's counsel declined, stating he thought that "would even be more difficult." *Id*. Although Mr. Osuna did not raise the issue before the trial judge, he claimed on appeal that the trial court erred in not appointing a Spanish interpreter for him. This court could not determine from the record whether the use of an interpreter would have alleviated Mr. Osuna's difficulties in presenting his testimony, and remanded for further findings and proceedings. *Osuna*, 189 F.3d at 1293-94.

On remand, the district court held an evidentiary hearing. The probation officer who prepared Mr. Osuna's pre-sentence investigation report testified that his interview with Mr. Osuna was conducted in English, and that Mr. Osuna appeared to have full comprehension of the English language. The probation officer testified that Mr. Osuna was able to describe the circumstances of his life in English, and that there was never any indication during the interview that Mr. Osuna was unable to understand his questions. Mr. Osuna testified at the hearing on his own behalf, this time with an interpreter. He testified he speaks Spanish at home and often at work and claimed that he had difficulty understanding the questions posed to him at trial.

The district court made detailed factual findings that the lack of an interpreter did not inhibit Mr. Osuna's comprehension of the trial proceedings or his ability to present his case. It first noted that Mr. Osuna's testimony at trial indicated he regularly speaks English and that there had never been any indication during the trial that Mr. Osuna spoke primarily a language other than English. The court explained that the confusion it referred to during the trial and the points in the trial transcript indicating Mr. Osuna's answers were unintelligible were caused not because he spoke primarily a language other than English, but because of the manner in which he presented himself. Specifically, the court found that Mr. Osuna often spoke too rapidly to be understood, pointing out that the record reveals he frequently had to be asked to slow down. In addition, the district court found that some of the confusion in Mr. Osuna's testimony was caused because he failed or refused to give responsive answers to the questions. Further, the district court noted that defense counsel posed confusing and inarticulate questions to Mr. Osuna. The district court found that throughout the majority of his testimony, Mr. Osuna was able to give clear, articulate and precise answers. Finally, the district court found that Mr. Osuna's testimony during the evidentiary hearing lacked credibility, noting that he conducted himself during the hearing entirely differently than he had at trial. The district court noted that despite Mr. Osuna's claim that he did not understand the questions asked of him at trial, he answered

-4-

questions at the hearing before his interpreter translated them. Because the district court found that nothing inhibited Mr. Osuna's capacity to understand, communicate and fully participate in his trial, it denied his request for a new trial. The district court later resentenced Mr. Osuna in accordance with this court's remand order, and that issue is not challenged on appeal.

## II.

The appointment of an interpreter under the Court Interpreters Act is committed to the trial court's discretion. *Osuna*, 189 F.3d at 1292 (citing *United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980)); *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989). The underlying issue of whether a defendant needs an interpreter, however, is a factual determination made by the trial judge, *Osuna*, 189 F.3d at 1292, and is reviewed only for clear error. *Gonzalez v. United States*, 33 F.3d 1047, 1050 (9th Cir. 1994).

We initially note that the district court did not abuse its discretion in holding an evidentiary hearing consistent with our remand order. *See Osuna*, 189 F.3d at 1294 (remanding for findings "and if necessary, further proceedings in the trial court to make those findings."). Mr. Osuna claims that the district court clearly erred in finding that his claimed language difficulties did not inhibit his ability to communicate at trial. He contends the district court's findings are contrary to statements in this court's remand order that his difficulties at trial

were caused by the rapidity of his testimony and his Spanish speaking background. Contrary to Mr. Osuna's assertion, this court did not make a determination in its remand order that he spoke a language primarily other than English. As we pointed out in our remand order, we were unable to ascertain from the cold record whether the problems with Mr. Osuna's testimony would have been alleviated by the use of an interpreter. *Osuna*, 189 F.3d at 1293.

The trial court is best positioned to evaluate the need for an interpreter because it is in direct contact with the defendant, and therefore can best assess the defendant's understanding of the English language, the complexity of the proceeding, and the linguistic context of the testimony. *See United States v. Coronel-Quintana*, 752 F.2d 1284, 1291 (8th Cir. 1985); *see also Osuna*, 189 F.3d at 1296 (Brorby, J., dissenting) ("the trial judge is in the best position to assess a defendant's or witness' language usage, comfort level and intelligibility."). It is precisely for this reason that we remanded this case to the district court to make the necessary factual findings based on its direct observation of Mr. Osuna and the trial proceedings. The district court's findings are not contrary to this court's remand order.

Mr. Osuna also contends that the district court's findings are clearly erroneous because, while the record shows that he may have understood English, it does not support a finding that he was able to speak English. We conclude

from our review of the original record and the record of the proceedings and testimony presented on remand that the district court's factual findings that the lack of an interpreter did not inhibit Mr. Osuna's ability to communicate with the court and jury, to comprehend the proceedings, or to assist his counsel, and did not render his trial fundamentally unfair, are supported by the record.

Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge