JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal from a judgment of conviction entered by Judge David T. Matia after a jury found Tatyana Frunza guilty of robbery, a second-degree felony.[1] Mrs. Frunza challenges the sufficiency and manifest weight of the evidence, in addition to her claims that the judge erred in allowing jury selection to take place without an interpreter present and in accepting the verdict despite a juror's expression of reservations. She also contends she received ineffective assistance of counsel because her lawyer failed to preserve error on these claims. We affirm.
 {¶ 2} From the record we glean the following: In June of 2002, Mrs. Frunza, then twenty years old, entered a Family Dollar Store on Pearl Road in Cleveland, accompanied by an adult female and at least two children, one of whom was in a stroller. The store's assistant manager, Bobbie Palmentera, observed the group enter and noted a blanket beneath the stroller's seat. Later, when the group approached the checkout aisle, she saw Mrs. Frunza waiting with the child in the stroller, while her companion made a purchase. Mrs. Frunza, however, did not purchase any items. While at the checkout area, Ms. Palmentera noticed that the blanket at the bottom of the stroller had been folded into a square and appeared thick. She suspected that Mrs. Frunza was using it to conceal stolen items, so she stood in front of the doorway to block her exit. She asked to see what was under the blanket, but Mrs. Frunza refused and asked why the request was made. Ms. Palmentera explained that in the past people had used strollers to aid in thefts, and that now every stroller was being checked. Mrs. Frunza again refused to let the blanket be examined and pushed the stroller toward the doorway causing the wheels to roll over Ms. Palmentera's feet and pushing the child's safety bar into her leg. Ms. Palmentera remained in the doorway and told Mrs. Frunza that she could not allow her to leave until she inspected the blanket, and Mrs. Frunza again pushed the stroller against her. Ms. Palmentera asked a cashier to call the police, Mrs. Frunza took the child in her arms and the stroller was moved aside, and Ms. Palmentera remained in the doorway "sandwiched" between Mrs. Frunza, who pushed her from the front, and the companion, who pulled her hair from behind.
 {¶ 3} Mrs. Frunza and the stroller were taken to the manager's office, where the blanket was removed and diapers, training pants, body wash, socks, and dryer sheets totaling $21.00 were discovered. Mrs. Frunza then asked to leave and, when Ms. Palmentera informed her that she had to stay until the police arrived, she became angry and struck Palmentera and other employees while attempting to get past them and leave the store. The police arrived thirty to forty-five minutes after the initial call and arrested her.
 {¶ 4} She was indicted on two counts of robbery under R.C.2911.02(A)(2), the separate counts arising from allegations that she assaulted both Ms. Palmentera and another employee while trying to leave the store. Because the other employee did not testify at trial the State voluntarily dismissed the second count of robbery after the evidence was heard. The jury found her guilty of the remaining count and, after a presentence investigation report revealed a history of shoplifting offenses, she was sentenced to a two-year prison term followed by three years of post-release control.
 {¶ 5} Mrs. Frunza's five assignments of error are set forth in Appendix A.
 I. Sufficiency and Weight of the Evidence {¶ 6} The second and third assignments of error challenge the weight and sufficiency of the evidence. We address a sufficiency claim to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2]
A sufficiency challenge presents a question of law and does not allow the reviewing court to weigh the evidence.[3] In contrast, the purpose of manifest weight review is to determine "whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."[4] Instead of looking for merely sufficient evidence, manifest weight review tests whether the verdict is supported by substantial evidence.[5] Although the scope of review broadens to allow credibility examinations, the standard is deferential because the examination must show such a disparity between the evidence and the verdict that we can conclude a "manifest miscarriage of justice" has occurred.[6]
 {¶ 7} Second-degree felony robbery under R.C. 2911.02(A)(2) requires that (1) in attempting or committing a theft offense or in fleeing immediately thereafter,(2) the defendant inflicted, attempted to inflict, or threatened to inflict physical harm on another. The evidence is sufficient to show that Mrs. Frunza pushed the stroller against Ms. Palmentera, that she further attempted to push past Ms. Palmentera to get out the door, and that she struck her and pulled her hair while being detained after the stolen items were discovered. When an element of an offense can be proven by different means and the State presents sufficient evidence of such alternatives, a jury ordinarily is not required to reach unanimous agreement on which means satisfies the element.[7] Furthermore, if the evidence supports the verdict under one factual alternative, we need not reverse the conviction simply because the evidence is insufficient to support another.[8]
 {¶ 8} The jury was presented with a number of alternatives concerning the "physical harm" element of the offense alleged here, including Mrs. Frunza's initial pushing of the stroller over Ms. Palmentera's toes and against her leg. While the evidence might support an inference that this act constituted the "force" necessary to sustain a robbery charge under R.C. 2911.02(A)(3), a rational jury could not construe the act as an attempt, threat, or infliction of physical harm. Although R.C. 2901.01(A)(3) defines "physical harm" to include "any injury, illness, or other physiological impairment, regardless of its gravity or duration[,]" the act of pushing a stroller across a person's toes is insufficient to meet the ordinary definition of "injury * * * or other physiological impairment." A threshold level of "physiological impairment" must be required before one can conclude that an "injury" has occurred; otherwise, the definition of "physical harm to persons" in R.C. 2901.01(A)(3) would be no different than the definition of "force" as applied to persons in R.C. 2901.01(A)(1). By extension, there would be no need for the distinction between robbery offenses in R.C. 2911.02(A)(2) and (3).
 {¶ 9} Even though the evidence was insufficient to sustain the charged offense with respect to Mrs. Frunza's initial attempt to leave the store, we can uphold the verdict on the basis of her later assaults, which were more serious. She does not challenge the physical harm element with respect to these acts, but claims they were not made during the offense or immediately thereafter. The term "immediately" requires a factual determination, and although the facts must meet some threshold before a jury question is created, her behavior is within the range of actions traditionally found sufficient to allow a jury determination.[9]
Therefore, Mrs. Frunza's assaultive conduct while being detained after the theft was discovered can sustain a conviction under R.C.2911.02(A)(2).[10]
 {¶ 10} Because the jury was within legal bounds in finding Mrs. Frunza's later assaults were committed immediately after the theft offense, her manifest weight argument also fails. Having determined that her conduct was within the allowable range of immediacy, we cannot then reasonably find that the jury committed a manifest injustice in returning a conviction. The second and third assignments of error are overruled.
 {¶ 11} Failure to Have Translator Present at Jury Voir Dire.
 {¶ 12} Because Mrs. Frunza is an immigrant and claimed to have an inadequate command of English, the judge granted her motion for an interpreter to be present at trial. Although apparently present at all other stages, the interpreter was not present during the jury selection. Her lawyer noted the interpreter's absence on the record but did not object to going forward, stating, "I don't think we need a translator to pick the jury, but the woman indicated to me from the agency earlier this morning that she couldn't have one here until tomorrow morning."
 {¶ 13} Mrs. Frunza's failure to object to the interpreter's absence during jury selection waives all but plain error, and we cannot find such error unless we find an obvious legal error that had a substantial effect on the outcome of trial.[11] We cannot find plain error because R.C. 2311.14 gives a judge discretion in appointing an interpreter,[12] and that discretion is not limited to circumstances in which the defendant will be deprived of constitutional rights without such assistance. Therefore, the grant of a motion for a translator under R.C. 2311.14 does not mean the interpreter's presence was constitutionally necessary, and prejudice cannot be presumed.[13] On this record we are unable to determine Mrs. Frunza's ability to understand the proceedings without an interpreter and, therefore, we cannot find prejudice. Furthermore, even though federal decisions find that, once granted, the right to an interpreter can be waived only by the defendant,[14] we are unaware that this rule of law has been expressly adopted in Ohio. Any error in accepting the lawyer's waiver instead of the defendant's personal waiver is not "obvious."
 {¶ 14} Mrs. Frunza contends that her lawyer's waiver of the translator's presence constituted ineffective assistance of counsel, which requires a showing that she was prejudiced by such deficient conduct.[15] The evidence in this record does not allow us to find that she was prejudiced by her lawyer's decision, and we cannot find ineffective assistance of counsel. The first assignment of error is overruled.
 {¶ 15} Juror Unanimity
 {¶ 16} Mrs. Frunza submits the verdict was not unanimous because one of the jurors expressed indecision after it was announced. The first juror polled expressed reservations, stating: "She is guilty [of] robbery, but we don't understand the law. To me it would be shoplifting." The juror continued, but the judge interrupted and polled the remaining jurors, who each stated that they agreed with the guilty verdict. At Mrs. Frunza's request, the judge questioned the first juror again, who ultimately agreed with the verdict, stating that "Because the way the law is written she is guilty."
 {¶ 17} When a juror dissents from the verdict during polling, the verdict is not unanimous and the judge must order further deliberations or discharge the jury.[16] However, where the polled juror is unclear about concurrence or dissent the judge may inquire further, and may rehabilitate the verdict without further deliberations if the issue is resolved.[17] In this case the juror expressed dissent concerning the legal definition of robbery, but agreed that the facts qualified under the definition as given in the instructions. Mrs. Frunza has not challenged the jury instructions and there is no plain error on this issue. The judge adequately rehabilitated the verdict by establishing the juror's belief that she was guilty of the offense as defined in the instructions. The fourth assignment is overruled.
 {¶ 18} Ineffective Assistance of Counsel
 {¶ 19} Mrs. Frunza claims she received ineffective assistance of counsel because her lawyer failed to have the interpreter present at jury voir dire and because the lawyer failed to request further questioning of the juror who expressed uncertainty about the verdict. We have already addressed the former contention and concluded the record is insufficient to show prejudice. We reject the latter contention because the record does not show that continued questioning of the juror would have led to a different answer. Upon further questioning, the juror agreed that Mrs. Frunza was guilty of robbery pursuant to the instructions given; both the judge and the lawyer were justified in concluding, at that point, that the issue was resolved and no further questioning was warranted. The fifth assignment is overruled.
Judgment affirmed.
APPENDIX A: APPELLANT'S ASSIGNMENTS OF ERROR
 {¶ 20} I. The trial court committed prejudicial error and denied appellant her right to due process and a fair trial by failing to have an interpreter present during voir dire.
 {¶ 21} II. The trial court erred in failing to direct a verdict of acquittal and by allowing the verdict to stand which was not supported by sufficient evidence.
 {¶ 22} III. The conviction of appellant is against the manifest weight of the evidence.
 {¶ 23} IV. The trial court erred in accepting a verdict that was not unanimous and thereby denied appellant her right to due process and a fair trial.
 {¶ 24} V. Appellant was denied her right to effective assistance of counsel.
ANN DYKE, J., concurs.
ANTHONY O. CALABRESE JR., J., concurs in judgment only.
[1] R.C. 2911.02(A)(2).
[2] (Emphasis sic.) State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159 (quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560).
[3] State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 415,485 N.E.2d 717, 720.
[4] State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-533,702 N.E.2d 866.
[5] Id.
[6] Martin, supra.
[7] Richardson v. United States (1999), 526 U.S. 813, 817-818,119 S.Ct. 1707, 143 L.Ed.2d 985.
[8] Griffin v. United States (1991), 502 U.S. 46, 112 S.Ct. 466,116 L.Ed.2d 371.
[9] Id.
[10] State v. McDonald (Dec. 6, 2001), Cuyahoga App. No. 78939.
[11] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240.
[12] State v. Saah (1990), 67 Ohio App.3d 86, 95, 585 N.E.2d 999.
[13] See, e.g., United States v. Coronel-Quintana (C.A. 8, 1985),752 F.2d 1284, 1291(interpreting similar federal statute); cf. UnitedStates v. Osuna (C.A. 10, 1999), 189 F.3d 1289, 1293-1294 (finding error where record showed difficulties in translation and comprehension).
[14] Id. at 1292, citing United States v. Tapia (C.A. 5, 1980),631 F.2d 1207.
[15] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.
[16] Crim.R. 31(D); State v. Brumback (1996), 109 Ohio App.3d 65, 72,671 N.E.2d 1064.
[17] Id. at 72-73.