**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4950**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS RIVERA-CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-03-286)

Submitted: February 28, 2006      Decided: March 20, 2006

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlos Rivera-Cruz appeals his twelve-month sentence imposed following his guilty plea to one count of making a false statement in an application for a passport, in violation of 18 U.S.C.A. § 1542 (West Supp. 2005). For the reasons discussed below, we affirm.

Rivera-Cruz first contends that the district court erred in sentencing him without an interpreter present. Because he failed to object to his sentencing hearing on this ground, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

Pursuant to the Court Interpreter's Act, 28 U.S.C. § 1827(d)(1) (2000), the district court must utilize the services of an interpreter if the court determines that a party "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer." The record in this case reveals that Rivera-Cruz both understands and speaks English and that his comprehension of the proceedings was not inhibited by any language problem.[*]

---

[*]We note that an interpreter was present at Rivera-Cruz's Fed. R. Crim. P. 11 colloquy and at his initial sentencing hearing. Rivera-Cruz declined, however, to utilize the interpreter's services except for a brief statement that he made to the district court at the end of the initial sentencing hearing because he was reportedly "too shy" to address the court himself. Although we have considered the fact that an interpreter remained on hand in

Although Rivera-Cruz claims that the district court erred in failing to make even an inquiry at sentencing into the possible need for an interpreter, we conclude that such an inquiry was unnecessary given Rivera-Cruz's past assurances that he could understand the proceedings in English, his apparent understanding of those proceedings, and the district court's prior inquiries into Rivera-Cruz's competency in English. See United States v. Black, 369 F.3d 1171, 1175 (10th Cir. 2004) (finding district court did not err in failing to inquire into the need for an interpreter where there was no indication that any communication difficulties were apparent to the district court); United States v. Perez, 918 F.2d 488, 490 (5th Cir. 1990) (holding that once a magistrate inquired into defendant's English speaking abilities and determined that defendant was competent to proceed in English, district court was not required to repeat such inquiries). We therefore find that the district court did not err in conducting the sentencing hearing without an interpreter present.

Rivera-Cruz challenges the reasonableness of his sentence, contending that it is greater than necessary to comply with the factors set forth in 18 U.S.C.A. § 3553(a)(2) (West 2000

the prior proceedings, we find that the transcript of the Rule 11 colloquy clearly reveals that Rivera-Cruz is sufficiently proficient in English. Rivera-Cruz never utilized the services of his interpreter at the colloquy, he asked that the proceedings be conducted in English, and he was able to understand and answer fairly complex legal questions posed by the court.

- 3 -

& Supp. 2005).  We find, however, that the district court sentenced Rivera-Cruz only after appropriately considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The court then sentenced Rivera-Cruz within the applicable guideline range and well below the ten-year statutory maximum.  We cannot conclude under these circumstances that Rivera-Cruz's twelve-month sentence is unreasonable.  <u>See</u> <u>United States v. Green</u>, __ F.3d __, __, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (finding that a sentence imposed within a properly calculated guidelines range is presumptively reasonable).

Accordingly, we affirm Rivera-Cruz's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>