# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULA VILLALVA-PATRICIO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-68-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Paula Villalva-Patricio was convicted of conspiracy to commit offenses against the United States, attempted exporting/sending of firearms outside the United States, and unlawful transportation of a firearm. The district court sentenced Villalva-Patricio to a total of 180 months of imprisonment and three years of supervised release. Villalva-Patricio appeals, arguing that her trial counsel rendered ineffective assistance by not allowing her "to testify or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60737

introduce relevant evidence in her defense or otherwise assert her innocence." She also asserts that she was denied a fair trial because her court-appointed interpreter was inadequate.

District courts are "best suited to developing the facts necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Accordingly, we generally will not consider the merits of an ineffective assistance of counsel claim on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). The exception is for those "rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim." *Id.* (internal quotation marks and citation omitted). The "preferred method" for bringing such a claim is pursuant to a 28 U.S.C. § 2255 motion. *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (internal quotation marks and citation omitted). The record is not sufficiently developed to allow a fair evaluation of Villalva-Patricio's ineffective assistance of counsel claims. We therefore decline to consider them, without prejudice to collateral review pursuant to a motion under § 2255. *See Isgar*, 739 F.3d at 841.

Because Villalva-Patricio did not object at trial to the adequacy of her court-appointed interpreter, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Paz*, 981 F.2d 199, 201 (5th Cir. 1992). Villalva-Patricio has pointed to no specific instance during the four-day trial where her court-appointed interpreter misinterpreted the proceedings. In addition, Villalva-Patricio's "failure to object at trial is a factor that weighs heavily against her claim of inadequate comprehension." *Paz*, 981 F.2d at 201 n.2. Finally, nothing in the trial transcript indicates that Villalva-Patricio did not understand the trial proceedings. *See Paz*, 981 F.2d at 201. Accordingly, Villalva-Patricio has shown no error, much less plain error. *See Puckett*, 556 U.S. at 135; *Paz*, 981 F.2d at 201.

AFFIRMED.

2