# United States Court of Appeals for the Fifth Circuit

---

No. 23-60074
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Aguilera-Duque,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-103-1

---

Before Stewart, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Francisco Aguilera-Duque pleaded guilty, pursuant to a written plea agreement, to illegal reentry after removal. The district court varied upward from the advisory guidelines range and imposed the statutory maximum sentence of two years of imprisonment. *See* 8 U.S.C. § 1326(a). On appeal, Aguilera-Duque contends that the district court erred by relying on his

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pending, unsubstantiated federal drug charges in determining his sentence, by imposing a substantively unreasonable sentence, and by ordering his sentence to run consecutively to any sentence imposed in his pending federal cases. He also contends that his trial counsel was ineffective for failing to properly object to the district court's reliance on his pending federal charges and to the consecutive sentences order.

The Government has moved to dismiss the appeal as barred by the appeal waiver in Aguilera-Duque's plea agreement. Aguilera-Duque argues that the appeal waiver is unenforceable as it was not knowing and voluntary. This is so, according to Aguilera-Duque, because the district court (1) provided him with an uncertified interpreter at his change of plea hearing, (2) failed to properly admonish him about his appeal waiver under Federal Rule of Criminal Procedure 11(b)(1)(N), and (3) made errors at sentencing that he could not have anticipated at the time he entered the plea agreement. Aguilera-Duque's contentions are without merit.

First, contrary to Aguilera-Duque's argument, the district court was not required to follow the procedures of 28 U.S.C. § 1827(f) because it did not determine that Aguilera-Duque waived his right to an interpreter. *Cf. United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980). Instead, as the Court Interpreters Act allows, the district used an "otherwise qualified interpreter" because it found that no certified interpreter was reasonably available. *See* § 1827(b)(2), (d)(1). In light of defense counsel's statement of no objection, Aguilera-Duque "did not give the district court the opportunity" to provide reasons why a certified interpreter was unavailable; thus, the district court did not abuse its "wide discretion" in appointing an otherwise qualified interpreter. *United States v. Paz*, 981 F.2d 199, 200-01 (5th Cir. 1992) (quotes at 200). In addition, Aguilera-Duque fails to point to any record evidence indicating that he had difficulty comprehending the proceedings or that the appointed interpreter's translations were inaccurate,

and his failure to object during the proceedings "weighs heavily against [his] claim of inadequate comprehension." *Id.* at 201 n.2.

Second, during his change of plea hearing, Aguilera-Duque did not argue that the district court failed to comply with Rule 11. Thus, review of his argument on appeal is for plain error. *See United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir. 2011). The change of plea transcript demonstrates that the district court sufficiently ensured that Aguilera-Duque personally understood the terms of his plea agreement and that he was waiving his right to appeal or collaterally attack his conviction and sentence. *See id.* at 412; *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). Moreover, the district court did not commit a clear or obvious error by failing to orally inform Aguilera-Duque that he retained the right to raise an ineffective assistance of counsel claim; nor can Aguilera-Duque show there is a reasonable probability that he would not have entered his plea but for the alleged error. *See Oliver*, 630 F.3d at 411-12; *Portillo*, 18 F.3d at 292-93.

Third, we have explained that the "uncertainty of [a defendant's] sentence does not render [an appeal] waiver uninformed," *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992), and that a defendant may waive his right to appeal his sentence as part of a valid plea agreement, *e.g., Portillo*, 18 F.3d at 292-93. Thus, Aguilera-Duque's argument that he could not anticipate the alleged errors at sentencing does not allow him to avoid enforcement of the appeal waiver.

Because the appeal waiver was knowing and voluntary and applies to the circumstances at hand, it bars Aguilera-Duque's challenges to the district court's sentence. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The appeal waiver does not bar Aguilera-Duque's ineffective assistance of counsel claims, which were expressly reserved. However, he did not raise these claims in the district court. Thus, the record is

insufficiently developed to determine the adequacy of Aguilera-Duque's representation, and we decline to address his ineffective assistance of counsel claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *see also Massaro v. United States*, 538 U.S. 500, 505-07 (2003) (explaining that a 28 U.S.C. § 2255 motion is the preferred method for bringing ineffective assistance of counsel claims).

For the foregoing reasons, the Government's motion to dismiss is GRANTED, and this appeal is DISMISSED in part as barred by the appeal waiver as to the sentencing claims and DISMISSED in part without prejudice to collateral review as to the claims of ineffective assistance of counsel. The Government's alternative motion for summary affirmance is DENIED.