# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50151
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tomas Herrera-Quinones,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-849-3

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*: [*]

Tomas Herrera-Quinones was convicted, following a jury trial, of one count of conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B), and one count of possession with intent to distribute 100 kilograms or more of marijuana, in violation of § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2.  Herrera-Quinones

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

initially pled guilty, changed his plea to not guilty, went to trial, unsuccessfully moved to suppress an interview and confession on the grounds that he could not have voluntarily waived his *Miranda* rights in Spanish because of his limited understanding of that language as he is a Tepehuan speaker, and was convicted.  On appeal, he seeks reversal of the conviction and a remand for a new suppression hearing, trial, and sentencing hearing.  Herrera-Quinones argues that the district court erred in conducting a suppression hearing, jury trial, and sentencing hearing with a Spanish interpreter—rather than a Tepehuan interpreter—and in not advising him of his right to an interpreter.

We review a district court's decision to appoint an interpreter for abuse of discretion. *United States v. Bell*, 367 F.3d 452, 463 (5th Cir. 2004). We do not decide whether Herrera-Quinones's claim should be reviewed for plain error because he failed to preserve the issue for appeal because we conclude that his argument fails under the less exacting abuse of discretion standard.[1]  An abuse of discretion occurs if the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F. 3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).  "[T]he necessity for . . . an interpreter is a question of fact." *United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980).

The Court Interpreters Act requires, in pertinent part, the appointment of an interpreter when a judge, either *sua sponte* or on the motion of a party, determines that the defendant "speak[s] only or primarily a language other than the English language" and that fact would "inhibit such

---

[1] Nor do we decide whether the motion to suppress and statements made at the pretrial proceedings were sufficient to preserve this issue.

No. 22-50151

party's comprehension of the proceedings or communication with counsel or the presiding judicial officer." 28 U.S.C. § 1827(d)(1)(A).  In other words, an interpreter should be appointed when the district court finds that the "defendant's ability to comprehend the proceedings or communicate with counsel is inhibited by language or hearing problems." *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990) (internal quotation marks and citation omitted).

A magistrate judge stopped Herrera-Quinones's plea hearing because he was concerned that Herrera-Quinones could not understand the proceedings with a Spanish interpreter rather than an interpreter who spoke Herrera-Quinones's native language of Tepehuan.  At a subsequent hearing before the magistrate judge, the court conferred with Herrera-Quinones through a Tepehuan interpreter and Herrera-Quinones entered a plea of not guilty.  As this court has explained, "the need for translation of the pretrial proceeding put[s] the district court on notice of the need to make inquiry regarding the defendant's language competency."  *Perez*, 918 F.2d at 490 (discussing *Tapia*).

At the hearing on the motion to suppress Herrera-Quinones's confession, the district court had the following colloquy with Herrera-Quinones's trial counsel:

> The Court: [H]ave you been able to communicate with your client?
>
> Counsel: In this particular case, I have been able to communicate with him through a Tepehuan interpreter, and we have had very limited success with any other type of interpretation.
>
> The Court: Okay. And we have a Spanish speaker interpreting today. We also have a Tepehuan interpreter standing by, I think, which we will use if we get to that point.

Suppression Hr'g Tr. 4:23- 5:7, ECF 184.

No. 22-50151

Following this, Herrera-Quinones opted to proceed with only a Spanish interpreter and testified at the hearing that he understood—through the use of only the Spanish interpreter—what was said at the hearing including the testimony of the four witnesses against him that day. On appeal after trial and conviction, Herrera-Quinones fails to explain how, given the unaccepted offer of a Tepehuan interpreter and Herrera-Quinones's testimony that he was able to understand the proceedings through a Spanish interpreter, the district court abused its discretion.

We therefore AFFIRM.