# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

———————————

No. 21-51125

———————————

United States of America,

*Plaintiff—Appellee,*

*versus*

Francisco Mora-Carrillo,

*Defendant—Appellant,*

consolidated with

———————————

No. 21-51126

———————————

United States of America,

*Plaintiff—Appellee,*

*versus*

Graciano Moral-Carrillo,

*Defendant—Appellant.*

No. 21-51125
c/w No. 21-51126

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:17-CR-282-1,
4:21-CR-237-1

———————————————————

Before JONES, STEWART, and DUNCAN, *Circuit Judges*.
EDITH H. JONES, *Circuit Judge*:

Francisco Mora-Carrillo was convicted of illegally reentering the country after a previous deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2).  He claims that the district court wrongly denied his request for a jury instruction about duress and inappropriately applied an enhancement to his sentence for obstruction of justice.  Finding no such errors, we AFFIRM.

## I. BACKGROUND

Mora is a Mexican national.  Beginning in the early 1990s, Mora built a substantial criminal record in the United States, including convictions for burglary, assault, drug possession, and driving under the influence.  In 1992, he was deported to Mexico for the first time.  Yet he repeatedly returned to this country, as evidenced by his ever-growing criminal record.  He was deported again in 1993, 1999, 2004, and 2007.

In 2007, only months after his last deportation, Mora was arrested in the United States and pled guilty to aiding and abetting possession with intent to distribute marijuana.  He now claims that La Linea, a Mexican drug cartel, had threatened to kill him unless he smuggled the drugs into the United States.  The district court sentenced him to 51 months in prison followed by three years of supervised release.  After Mora's incarceration, he was deported to Mexico two more times—in 2012 and 2019.

On March 1, 2021, Mora was arrested for the instant offense.  He was caught smuggling four other illegal aliens across the border.  When arrested,

No. 21-51125
c/w No. 21-51126

he gave the false name of Graciano Moral-Carrillo, and stated that he was not afraid to return to Mexico.

At trial, Mora pled not guilty. He sought to convince the jury that, while he was in Mexico in both 2017 and 2020, La Linea had kidnapped and beaten him for his cooperation with United States officials related to the 2007 drug trafficking conviction. In late February 2021, he testified, La Linea kidnapped him in Mexico again, took the deed to his house, and told him to smuggle people across the border if he "wanted everything to be all right." He understood this as a death threat. He also presented corroborating testimony from his sister that he had disappeared in 2017, later to be found in the United States, and from his employer that Mora had been kidnapped and beaten by La Linea in 2020, and then gone missing again "more or less in February" 2021. On the basis of this evidence, Mora requested that a duress instruction be given to the jury. The district court denied the request but allowed the evidence to be used to show a lack of intent.

The jury found Mora guilty. The district court applied U.S.S.G. § 3C1.1, a sentencing enhancement for obstruction of justice, on the premise that Mora lied to the court during his testimony. The court sentenced him to 105 months of imprisonment. The district court also revoked Mora's supervised release for a 2017 illegal reentry conviction and sentenced him to 18 months of imprisonment to be served concurrently with his conviction for the 2021 reentry.

Mora appeals the conviction and the revocation of his supervised release. However, he has not briefed any arguments specific to the revocation.

## II. DISCUSSION

Mora challenges (1) the district court's denial of his request for a jury instruction about duress; (2) the application of the obstruction-of-justice

enhancement; and (3) the constitutionality of 8 U.S.C. § 1326(b), his statute of conviction.  None of the challenges succeeds.

### A.  The Duress Instruction

We review a district court's denial of a requested jury instruction for abuse of discretion.  *United States v. Storm*, 36 F.3d 1289, 1294 (5th Cir. 1994).  Reversible error only arises where "(1) the requested instruction is substantially correct; (2) the actual charge given to the jury did not substantially cover the content of the proposed instruction; and (3) the omission of the instruction would seriously impair the defendant's ability to present his defense." *Id.*  In conducting this review, we take the evidence in the light most favorable to the defendant.  *United States v. Giraldi*, 86 F.3d 1368, 1376 (5th Cir. 1996).

Duress is an affirmative criminal defense that consists of four elements:

> *First*: That the defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded fear of death or serious bodily injury to himself . . . ;
>
> *Second*: That the defendant had not recklessly or negligently placed himself . . . in a situation where he . . . would likely be forced to choose the criminal conduct;
>
> *Third*: That the defendant had no reasonable legal alternative to violating the law, that is a reasonable opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and

No. 21-51125
c/w No. 21-51126

*Fourth*: That a reasonable person would believe that by committing the criminal action, he . . . would directly avoid the threatened harm.

5th Cir. Pattern Jury Instructions (Criminal Cases) § 1.38 (2019).

The defendant must present proof of each element to receive a jury instruction on duress. *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). This court's precedents "make it clear that the defense only arises if there is a real emergency leaving no time to pursue any legal alternative." *Id.* at 874. "Any rule less stringent than this would open the door to all sorts of fraud." *The Diana*, 74 U.S. 354, 361 (1868). The defendant must be in serious danger "at the moment" he commits the offense; fear of future harm is insufficient. *United States v. Harper*, 802 F.2d 115, 118 (5th Cir. 1986); *see also United States v. Ramirez-Chavez*, 596 F. App'x 290, 293 (5th Cir. 2015).

Even taking the evidence in the light most favorable to Mora, he has not presented proof that he was in danger at the moment of his offense. He testified that he was abducted on February 24 or 25 and told to smuggle people across the border if he "wanted everything to be all right." He crossed the border on March 1, at least four days later. During his jury trial, Mora never presented evidence—even in his own testimony—of what happened in the meantime. Thus, there is no reason to believe that he was detained, followed, or surveilled in the interim between his abduction and the commission of the offense.[1] In other words, he presented no evidence that

_____

[1] Mora argues in his reply brief (1) that he was never released after his abduction in late February and (2) that the migrants he was smuggling might have been monitoring him for the cartel. But he did not say any of this at trial, and his employer's statement that she stopped seeing him "more or less in February" is at best consistent with, but not evidence of, the first proposition. He also offers no reason to believe that the persons he was trafficking across the border would report back to the cartel. In any event, the legally

5

No. 21-51125
c/w No. 21-51126

he was committing the crime because of "a real emergency leaving no time to pursue any legal alternative." *Posada-Rios*, 158 F.3d at 874. Because Mora was obliged to present evidence of each element of duress, yet failed as to the first element, we need go no further. The district court did not abuse its discretion.

### B. *The Obstruction of Justice Enhancement*

"We review the district court's application or interpretation of the Sentencing Guidelines de novo and its factual findings, such as a finding of obstruction of justice, for clear error." *United States v. Smith*, 804 F.3d 724, 737 (5th Cir. 2015). The government argues that Mora did not adequately preserve this issue, in which case this court reviews for plain error; Mora disagrees. *See United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010). We assume without deciding that Mora is correct. Under his preferred standard, the court affirms the finding if it is "plausible in light of the record as a whole." *Smith*, 804 F.3d at 737. Where, as here, the finding hinges on the credibility of a witness, the district court's determination is given "particular deference." *Id.*

The obstruction of justice enhancement applies if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. Perjury warrants the enhancement. *Id.* § 3C1.1 cmt. n.4(B). For these purposes, "perjury" means willfully giving "false testimony concerning a material matter." *United States v. Dunnigan*,

---

relevant question is whether he was under threat at the moment of the offense, not whether he ran a risk of future harm by not complying.

6

No. 21-51125
c/w No. 21-51126

507 U.S. 87 (1993). While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," we do not reverse so long as "the court makes a finding . . . that encompasses all of the factual predicates for a finding of perjury." *Id.*, 507 U.S. at 95.

Mora argues that the district court's finding did not address all the elements of perjury. The district court stated that "this Defendant lied under oath to that jury" and that "he obstructed justice." Mora posits that this does not address whether the lie was willful or material.

The argument fails. First, the district court adopted Mora's presentence report, which made a willfulness finding. Second, a "sentencing court need not expressly find that the false testimony concerned a material matter; it is enough that materiality is obvious." *United States v. Perez-Solis*, 709 F.3d 453, 470 (5th Cir. 2013) (quotation marks and brackets omitted). Here, the court disbelieved Mora's testimony that he was under duress during the 2007 drug-smuggling incident. This was a material fact because it supported Mora's argument that he was once again placed under duress in 2021. The transcript lacks clear grammar, but the district court's sentiments are clear:

> I also think that, frankly, the whatever threats and potential or possible duress that have been testified to about the 2007, *nor the Court to even believe those, the Court does not*—with the Court to even believe those, it wouldn't necessarily, and I think that's independent of this offense and don't believe that would necessarily be a linchpin to proving that whether there was duress involved here or not, present here or not.

Thus, we find that the district court's finding "encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

7

Consequently, there was no clear error in the sentencing court's application of the enhancement.

### *C.* Apprendi *Challenge*

Last, Mora challenges the constitutionality of 8 U.S.C. § 1326(b) in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As the defendant acknowledges, that argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.