# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2024

Lyle W. Cayce
Clerk

No. 23-50226
Summary Calendar

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏғ Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Jᴏsᴇ Mᴀɴᴜᴇʟ Aʏᴀʟᴀ-Aʟᴀs,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-533-3

Before Jᴏɴᴇs, Sᴍɪᴛʜ, and Dᴇɴɴɪs, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:*

Jose Manuel Ayala-Alas was convicted, following a jury trial, of aiding and abetting the importation of 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 952 & 960(b) and 18 U.S.C. § 2, and aiding and abetting possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(vii) and 18 U.S.C. § 2.  He was sentenced

---

* This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

within the guidelines range to a 135-month term of imprisonment on each count, to run concurrently, followed by a five-year term of supervised release.

On appeal, Ayala-Alas first argues that the district court erred by failing to provide him with a Tepehuan interpreter and that it abused its discretion by denying Ayala-Alas's motion to continue trial based on his lack of Spanish comprehension. A court's decision whether to provide an interpreter is reviewed for abuse of discretion. *See United States v. Bell*, 367 F.3d 452, 463 (5th Cir. 2004). "The basic inquiry on whether or not the failure to provide an interpreter was error [is] whether such failure made the trial fundamentally unfair." *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980).

Ayala-Alas did not raise issues of language competency of Spanish comprehension until the first day of trial when his counsel brought a motion to continue, urging that the defense was not ready to proceed based on Ayala-Alas's inability to understand the court interpreter. The district court questioned Ayala-Alas at the bench using a Spanish interpreter before denying the motion. Defense counsel did not object to the use of the Spanish language interpreter or indicate that the interpreter was inadequate during the proceedings. Ayala-Alas testified in his own defense and indicated that he was able to understand the trial using the Spanish interpreter. Accordingly, Ayala-Alas has not shown that the district court abused its discretion in failing to provide a Tepehuan interpreter. *See United States v. Perez*, 918 F.2d 488, 490-91 (5th Cir. 1990) (finding no error in failing to provide the defendant with an interpreter during a plea hearing where numerous proceedings had been conducted in English with no objection or request for an interpreter by the defendant). Additionally, although Ayala-Alas claims that he did not waive his right to a Tepehuan interpreter, without a judicial finding that Ayala-Alas could not comprehend the proceedings, Ayala-Alas had "no right to an interpreter to waive." *Id.* at 491.

No. 23-50226

We will reverse a denial of a motion to continue only where the district court has abused its discretion and the defendant can show that he suffered serious prejudice. *United States v. Sheperd*, 27 F.4th 1075, 1085 (5th Cir. 2022). When reviewing the denial of a continuance, this court considers the "totality of the circumstances," which include: (1) the amount of time available; (2) the defendant's role in shortening the time needed; (3) the likelihood of prejudice from a denial of the motion; (4) the availability of discovery from the prosecution; (5) the complexity of the case; (6) the adequacy of the defense actually provided at trial; (7) the experience of the attorney with the accused; and (8) the timeliness of the motion. *Id.*

Because Ayala-Alas did not raise the issue of language comprehension until the first day of trial and has not alleged any prejudice resulting from the denial of his motion to continue on these grounds, he fails to show that he suffered serious prejudice from the denial of his motion to continue based on his lack of Spanish comprehension. *See id.* at 1085.

Ayala-Alas also urges that the district court erred by denying his motion to continue trial in order to receive outstanding discovery, to wit, the Government's Drug Enforcement Administration (DEA) laboratory results of the marijuana seized. He claims that he was prejudiced by the denial of the motion because he was deprived of the ability to consult with outside experts to verify the results of the substance seized and to conduct scientific review. A defendant has a right to inspect evidence within the possession, custody, or control of the Government, and which are material to the preparation of the defendant's defense or intended to be used by the Government as evidence in chief at the trial. Fed. R. Crim. P. 16(a)(1)(C). This includes the right of the defendant to have an independent chemical analysis performed on a seized substance. *United States v. Butler*, 988 F.2d 537, 543 (5th Cir. 1993).

3

Ayala-Alas does not explain why he failed to conduct his own analysis on the seized substance and by failing to do so he contributed to the discovery delay. Further, defense counsel did not object to the Government's report when it was introduced at trial, and he declined to cross-examine the Government's expert. Accordingly, he cannot show serious prejudice. *See Shepherd*, 27 F.4th at 1085. He thus cannot show that the district court abused its discretion by denying his motion to continue. *See id*.

Ayala-Alas also argues that the evidence was insufficient to support his convictions. Because Ayala-Alas did not renew his Rule 29 motion at the close of all evidence, he failed to preserve his sufficiency of the evidence challenge. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022). Thus, in order to prevail on his claim, Ayala-Alas must show that the record is devoid of any evidence pointing to his guilt or that the evidence is so tenuous that his conviction is shocking. *Id.* at 288. This court will reverse only if there is a manifest miscarriage of justice. *Id.*

In order to support a conviction of importation of marijuana, the jury had to find that the Government established that Ayala-Alas (1) played a role in bringing a quantity of marijuana into the United States from outside of the country; (2) knew the substance was marijuana; and (3) knew the marijuana would enter the United States. *See United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017). To sustain a conviction of possession with intent to distribute marijuana, the jury needed to find that the Government established that Ayala-Alas knowingly possessed marijuana with the intent to distribute it. *United States v. Vinagre-Hernandez*, 925 F.3d 761, 764 (5th Cir. 2019). Aiding and abetting can be established by showing that Ayala-Alas (1) associated with the criminal enterprise; (2) participated in the venture; and (3) sought to make it successful. *Id.* at 765; *Zamora-Salazar*, 860 F.3d at 832. To prove that he participated in the venture, the Government needed to

prove that Ayala-Alas committed an overt act that assisted in the success of the venture. *Vinagre-Hernandez*, 925 F.3d at 765.

A review of the record reveals that there was sufficient evidence to support Ayala-Alas's convictions. United States Border Patrol (USBP) agents testified that Ayala-Alas admitted that he received marijuana in Mexico, that he knew it was marijuana, and that he was carrying it across the border to the United States. Moreover, Ayala-Alas admitted that he traveled with the group carrying marijuana. Federal agents testified that 273.8 kilograms of marijuana were recovered. *See United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994) (intent to distribute may be inferred from the quantity of drugs involved). Thus, Ayala-Alas cannot show that the facts were insufficient to support his conviction where the record is not devoid of evidence pointing to his guilt and the Government's case was not so tenuous that his conviction is shocking. *See Cabello*, 33 F.4th at 288.

Ayala-Alas also claims that he presented sufficient evidence at trial to support a duress jury instruction and that it was error to fail to include the instruction in the ultimate jury charge. The denial of a requested jury instruction is reviewed for abuse of discretion, considering the evidence in the light most favorable to the defendant. *United States v. Mora-Carrillo*, 80 F.4th 712, 715 (5th Cir. 2023). This court will reverse only where (1) the requested instruction is substantially correct; (2) the charge given to the jury did not substantially cover the contents of the proposed instruction; and (3) the omission of the proposed instruction seriously impaired the defendant's ability to present his defense. *Id.* The defense of duress only arises if there is a real emergency that leaves the defendant with no time to pursue any legal alternative and where he is in serious danger at the moment that he commits the offense. *Id.* at 715-16.

Even considering this evidence in the light most favorable to Ayala-Alas, it is not sufficient to satisfy the elements of duress. *See Mora-Carrillo*, 80 F.4th at 715. Ayala-Alas presented no evidence that he was under present or imminent threat at the moment of the offense. *See id.* at 715-16. Accordingly, the district court did not abuse its discretion in denying the request for a duress instruction. *See id.* at 716 ("Because [the defendant] was obliged to present evidence of each element of duress, yet failed as to the first element, we need go no further.").

Ayala-Alas argues that the district court abused its discretion by denying his request that the trial court provide access to the cell phone taken from him at arrest. This court reviews challenges to discovery rulings for abuse of discretion and will order a new trial only where a defendant demonstrates prejudice to his substantial rights. *United States v. Garcia*, 567 F.3d 721, 734 (5th Cir. 2009).

He cannot demonstrate that the district court abused its discretion by denying his motion to compel. The Government provided Ayala-Alas with access to all the information it had from the cell phone and the district court allowed defense counsel to inspect the cell phone with the Government, yet the defense declined to do so. Additionally, any claim of resulting prejudice fails given the trial evidence supporting Ayala-Alas's guilt. *See United States v. Cochran*, 697 F.2d 600, 606-07 (5th Cir. 1983) (finding no reversible error resulting from the Government's failure to produce during discovery copies of tape-recorded conversations between the defendant and others given the independent evidence of the defendant's guilt). Thus, Ayala-Alas has not shown that the district court abused its discretion in denying the motion to compel. *See Garcia*, 567 F.3d at 734. To the extent that Ayala-Alas alleges a *Brady v. Maryland*, 373 U.S. 83 (1963) violation, he fails to identify any specific evidence that was suppressed or evidence favorable to his defense or material to his guilt, *see Garcia*, 567 F.3d at 735, and he makes no arguments

in support of his claim and has thus waived any argument, *see United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010) (stating that inadequately briefed arguments in counseled briefs are deemed waived); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (holding that litigants represented by counsel are not entitled to liberal construction of their pleadings).

With regard to sentencing, Ayala-Alas argues that the district court improperly calculated his sentencing guidelines range, by imposing adjustments under U.S.S.G.§ 3C1.1, U.S.S.G. § 3B1.1(b), U.S.S.G. § 2D1.1(b)(16), and by failing to apply a downward adjustment under U.S.S.G. § 2D1.1(b)(18) ("safety valve") and a downward departure as allowed by U.S.S.G. § 5K1.12.

This court reviews preserved challenges to the application of the Guidelines de novo and the district court's factual findings for clear error. *United States v. Hawkins*, 866 F.3d 344, 346-47 (5th Cir. 2017). When making factual findings, a district court may consider any information bearing sufficient indicia of reliability and its factual findings are not clearly erroneous if they are plausible in light of the record as a whole. *Id.* at 347. Under this "deferential" standard, factual findings are deemed clearly erroneous only where a review of the evidence leaves this court with a definite and firm conviction that a mistake has been made. *United States v. Torres-Magana*, 938 F.3d 213, 216 (5th Cir. 2019). "At sentencing, the defendant bears the burden of rebutting the evidence used against him for purposes of sentencing by proving that it is materially untrue, inaccurate or unreliable." *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

Section 3C1.1 provides for a two-level enhancement if, among other things, "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of

conviction." U.S.S.G. § 3C1.1. Examples of covered conduct include "committing, suborning, or attempting to suborn perjury," and providing materially false information to a judge or magistrate judge, probation officer, or to a law enforcement officer that significantly obstructed or impeded the investigation or prosecution of the offense. § 3C1.1, comment. (n.4).

A district court need not address each element of the alleged perjury in a separate and clear finding if it makes a finding of an obstruction of justice that encompasses all the factual predicates for a perjury finding. *United States v. Perez-Solis*, 709 F.3d 453, 470 (5th Cir. 2013). The district court found that the § 3C1.1 enhancement was warranted based on the discrepancy between Ayala-Alas's post-arrest statements and testimony at trial, determining that Ayala-Alas committed perjury at trial. This finding was supported by statements in the presentence report (PSR) and the testimony of USBP agents at trial. Ayala-Alas presented no evidence to rebut the testimony of the agents and failed to demonstrate that any of the information considered by the district court was "materially untrue." *Solis*, 299 F.3d at 455. Accordingly, Ayala-Alas cannot show that the district court erred in applying the obstruction of justice adjustment. *See Perez-Solis*, 709 F.3d at 470-71.

Section 3B1.1(b) provides for a three-level adjustment if a defendant was a manager or supervisor (but not an organizer or leader) of a criminal venture and the criminal activity involved at least five participants or was otherwise extensive. § 3B1.1(b). Whether a defendant occupied a role as a manager or supervisor is a finding of fact that is reviewed for clear error and will be upheld if it is plausible based on the entire record. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015).

The district court imposed the enhancement under § 3B1.1(b) after finding that Ayala-Alas was a manager and a supervisor of the marijuana

smuggling venture.  At the sentencing hearing, a DEA agent testified that during debrief, a co-defendant stated that Ayala-Alas had recruited him and hired him to backpack marijuana into the United States.  Ayala-Alas did not offer any evidence to rebut this testimony.  Accordingly, the district court's finding is plausible considering the entire record and Ayala-Alas has not shown that the district court clearly erred in applying the enhancement.  *See Ochoa-Gomez*, 777 F.3d at 281-83.

Ayala-Alas briefs no argument challenging the corresponding two-level aggravate role adjustment under U.S.S.G. § 2D1.1(b)(16) and provides only conclusory statements that the district court erred by applying the enhancement.  Accordingly, because he has made no arguments in support of his claim and because counsel's brief is not entitled to liberal construction, he has waived any argument.  *See Reagan*, 596 F.3d at 254-55; *Beasley*, 798 F.2d at 118.

As to the safety valve reduction, Ayala-Alas devotes one sentence, without citation to the record, to the district court's determination that he was ineligible under § 2D1.1(b)(18).  Thus, he has waived any argument on this issue.  *See Reagan*, 596 F.3d at 254-55.

Regarding Ayala-Alas's challenge to the denial of a downward departure under § 5K2.12, this court lacks jurisdiction to review a sentencing court's refusal to grant a downward departure unless the court based its decision upon an erroneous belief that it lacked the authority to depart from the Guidelines.  *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013).  Nothing in the record indicates that the district court erroneously believed that it lacked the authority to grant a departure and in fact, the district court expressly explained why it determined that a departure was not warranted.  Thus, this court lacks jurisdiction to consider the challenge.  *See id.*

Finally, Ayala-Alas argues that the Government's closing statements suggested his guilt by association by referencing the co-defendants' convictions and that the Government improperly claimed that it was Ayala-Alas's duty to produce Facebook messages allegedly on his cell phone. This court applies a two-step analysis to claims of prosecutorial misconduct. *United States v. Bolton*, 908 F.3d 75, 93 (5th Cir. 2018). First, it determines de novo whether the prosecutor made an improper remark, and if so, it then reviews for an abuse of discretion whether the remark affected the defendant's substantial rights, *i.e.*, whether the remark affected the outcome of the proceedings. *Id.* The determinative question is whether the remarks "cast serious doubt on the correctness of the jury's verdict." *United States v. Holmes*, 406 F.3d 337, 356 (5th Cir. 2005) (internal quotation marks and citation omitted).

Ayala-Alas does not specify the improper remark that he claims suggested his guilt by association nor does he provide any citations to the record. He likewise makes no argument that any remark by the Government suggesting guilt by association affected his substantial rights. Thus, he has waived any argument on this issue. *See Reagan*, 596 F.3d at 254-55.

To the extent that Ayala-Alas claims that the Government improperly shifted the burden of proof at trial by commenting on his failure to present Facebook messages in support of his defense, "[i]t is not error for a prosecutor to comment on the defendant's failure to produce evidence on a phase of the defense upon which he seeks to rely." *United States v. Mackay*, 33 F.3d 489, 496 (5th Cir. 1994) (internal quotation marks and citation omitted). Here, the defense theory was that Ayala-Alas was contacted under false pretenses through Facebook and ultimately forced into smuggling marijuana into the United States. It was thus not improper for the prosecutor to point out that the defense offered no direct evidence to prove that theory. *See id.* Moreover, the district court provided a curative instruction following

No. 23-50226

the defense objection to the comments, the court reminded the jurors that the Government has the burden of proof and that the defendant is not required to prove his innocence or produce any evidence. Accordingly, he fails to show prosecutorial misconduct. *See Bolton*, 908 F.3d at 93-94.

The judgment of the district court is AFFIRMED.